SAMUEL WIGGINS *v.* THE COVINGTON AND CINCINNATI BRIDGE COMPANY.

Where, by a written contract, the plaintiff agrees to convey to the defendant, real estate by a permanent lease, for ninety-nine years, renewable forever, " to be executed at early convenience," and the defendant is to pay, at a fixed time, a certain sum of money, and thereafter, at stated periods, the rent agreed upon, and taxes as they accrue, and the defendant is put in possession, a right of action arises for the sums agreed to be paid, as they become due, without a tender of the conveyance, the covenants being independent.

SPECIAL TERM.—Action to recover rent and taxes claimed to be due to the plaintiff under a certain contract of lease.

The facts are sufficiently stated in the decision.

*Lord & Wright*, for plaintiff.

*Taft & Perry*, for defendant.

SPENCER, J. This case has been submitted to the court upon the facts set forth in the petition, answer, and exhibits, from which it appears that, on July 30, 1856, a contract was entered into between the plaintiff and defendant, by which it was agreed that the plaintiff should convey to the defendant one hundred feet of ground, between Walnut and Vine streets, extending from the south line of Water street to the Ohio river—the conveyance to be by permanent lease, for ninety-nine years, renewable forever, with covenants of seizin, freedom from incumbrance, and general warranty; to bear date the first day of August, 1856. The price of the purchase, as arranged, was to be $50,000, of which $10,000 were to be paid in sixty days from said first day of August, the balance to be secured by an annual rent of $3,200, payable quarterly, on the first days of November, February, May, and August, forever thereafter, to be paid by the defendant to plaintiff; the defendant to have the privilege of purchasing the fee of

said premises, on paying, from time to time, in such sums as they might desire, the whole or any part of said $40,000; the rent to abate in proportion to the sum or sums paid; the plaintiff to put defendant in immediate possession of the premises, except as to a part, which was then in the occupancy of certain tenants of the plaintiff holding under leases from him, whom it was agreed not to be necessary to disturb at once; but whenever the defendant required possession of such part of the premises, if the plaintiff should be unable to induce the tenants to remove, they were to be dispossessed by proceedings instituted by defendant under its charter to condemn the property for a bridge; such proceedings to be at plaintiff's expense, and meanwhile plaintiff was to collect the rents from said tenants, and apply the same, as far as they might extend, as a credit upon the quarterly rents aforesaid. The defendant to pay all taxes and assessments upon the premises, after the current year. And, as to these, they were to be paid seven-twelfths by plaintiff and five-twelfths by defendant. The closing paragraph of the agreement is as follows:

"The party of the first part sells the premises with all the privileges and appurtenances, and the party of the second part purchases on the terms herein. This is a preliminary agreement, to be consummated by a lease to the party of the second part, or assigns, embracing and stipulating on both sides, for the terms herein expressed, and in other respects to be in the usual and ordinary form and character of permanent leases, and to be executed at early convenience."

The defendant went into immediate possession of the premises, as stipulated for, and commenced laying the foundation of a permanent abutment for a bridge across the Ohio, upon which large expenditures have been made by it, and which possession it still holds for that purpose. It has also paid the plaintiff, from time to time, at the end of each quarter, up to May 1, 1857, inclusive, considerable sums of money, on account of rent due under said contract; and the plaintiff has collected other sums from the tenants on other

parts of the premises, which have been credited to defendant as part of said rent. At the time suit was brought, one year had elapsed from the taking possession by the defendant, and from the time the conveyance, or lease, was to bear date, or take effect. Five-twelfths of the taxes, for the year 1856, paid by plaintiff, amount to $27.28. Charging the defendant with one year's rent and taxes, as above, and a small sum for difference of interest, and crediting it with the rents paid by it, and received from the tenants, the plaintiff's account shows a balance due by defendant of $987.27, for which the plaintiff demands judgment, with interest. The defendant insists that further payments have been made by the company, but has furnished no account thereof.

It appears further, that the plaintiff has never made, or tendered to defendant a conveyance of the premises by way of lease, or otherwise; that, at the time appointed for the payment of the $10,000, *i. e.,* sixty days from the first day of August, 1856, defendant was ready, and offered to pay plaintiff said sum, on receiving from plaintiff a conveyance of the premises, by way of lease, as provided for in the contract, and has frequently since offered to make such payment, but the plaintiff has neglected and refused to make such conveyance. It is therefore claimed by defendant that it is not bound to make any further payment to plaintiff until a conveyance shall be made in manner aforesaid. The defendant does not claim, in any wise to rescind the contract, nor desire to abandon the possession, but insists that plaintiff's agreement for a conveyance is precedent to that of the company for payment, and the plaintiff has no right of action against it for such payment, because he himself is in default.

Whether the agreement of the defendant to pay purchase money, either in installments or by way of rent, is dependent upon a prior conveyance by the plaintiff, by way of lease, or whether it is an independent agreement, depends upon the intention of the parties, to be gathered from the entire instrument containing the contract between them. If the intent be apparent that the act of either should precede that of

the other, then the other is not liable until such act has been performed. If it appears that the acts were to be simultaneous, then there is a mutual dependence between them, and neither is liable without performance, or an offer and readiness to perform, on the part of the other. But if the act of one party is to be performed at a time, or certain times, and no particular time is fixed for performance by the other, so that, by the terms of the agreement, performance by the one may or may not precede that of the other, the obligations of the parties are independent, and either may have an action against the other, without performance on his own part; because, in the latter case, each trusts to the promise of the other, while in the other, reliance is placed, not in the promise merely but in the performance also.

One of the rules for ascertaining this intent is well expressed by Sergeant Williams in his note to the case 1 Saunders, 320, note 4, *Pordage* v. *Cole:* "If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act, before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for the performance of that which is the consideration of the money or other act." Leading case, 1 L'd, Raym. 665, *Thorpe* v. *Thorpe;* 6 D. & E. 572, and other cases. And such, he says, was the ground of the judgment in the case of *Pordage* v. *Cole,* affirmed in the Exchequer: "The money being appointed to be paid on a fixed day, which might happen before the lands were, or could be conveyed." The rule thus laid down by Williams has never been contradicted, but has been affirmed in repeated cases; 10 Johns. 204, per Kent, C. J., *Cunningham* v. *Morrell.* The agreement upon which the action was founded in *Pordage* v. *Cole,* was as follows: "It is agreed that the said Cole shall give unto the said Pordage £775 for all his lands, with Ashmole House, etc.

In witness whereof, we, the parties, do put our hands and seals: mutually given as earnest in performance of this, 5 s., the money to be paid before midsummer." It was held that an action lay for the money, without tender of a deed, because the covenants were independent; and for the reason above assigned, by Serjeant Williams, a certain day was appointed for the payment of the money; but when the conveyance was to be made, or when it would be ready, was wholly uncertain; it might be before or after the time fixed for the payment of the money.

In the present case there are many circumstances to show the intention of the parties to create independent obligations. On the part of the defendant, it was agreed to pay $10,000 certain, in sixty days from the first of August; to pay its portion of the taxes, as they should accrue; to pay $3,200 in quarterly sums, on every first day of November, February, May, and August following.

So far as the terms of these obligations to pay are concerned, they are expressed unconditionally, and are not made to depend on the occurrence of any other event. On the part of the plaintiff, he was to put the defendant in immediate possession of the property, and did so, in fact. To this extent, part performance by him was an independent act. There was no time fixed for the making of a lease or conveyance on his part, but it was to be made " at early convenience."

When this convenience would arise might, and probably would, depend on circumstances not under the immediate control of the parties. The plaintiff was to give an unincumbered title, but there were known incumbrancers on the property, whom it might be necessary to deal with, on the part of the plaintiff, before a conveyance was absolutely made ; or there might have been certain incumbrances which the plaintiff desired to remove, so that this convenience might happen before any of the times of payment, by the defendant, under the contract, or it might not happen until after any of such times. And lastly the plaintiff was to account with defendant for the rents received by him from the other tenants of

37

the property, to be applied against the rent to accrue under the contract, and that without reference to the payment of said sum of $10,000. Had there been no obstacle in the way of a conveyance, defendant might have called on plaintiff for an immediate conveyance of the premises, without waiting the sixty days, and making payment of the $10,000; or, on the other hand, had such convenience not existed, defendant might have been called upon for this, or any other payment, without such conveyance. The circumstance that the conveyance was to bear date, the first of August, did not require it to be actually executed on or before that day. It merely indicated the time from which the rights and obligations of the parties were to commence. But if it had been intended that the conveyance should be made upon that day, it would have been easier to say so, and not refer the matter to the early convenience of the parties. If then, as I regard it, these promises are to be considered as independent, the plaintiff is entitled to recover, notwithstanding a failure, on his part, to perform the contract. Whether this failure has been reasonable or unreasonable, is not material to inquire. If unreasonable, defendant might have rescinded, or may have damages for the injury resulting from the delay; or may now place itself in a position to demand specific performance from the plaintiff. But it can not hold on to all the benefits of the possession, treat the contract as subsisting and in full force, and at the same time refuse to perform the obligations it imposes on the company.

Let judgment be entered for plaintiff for the rent in arrear and unpaid.